### NATIONAL LABOR RELATIONS BOARD Petitioner

v.

### COLUMBIA TYPOGRAPHICAL UNION NO. 101, INTERNATIONAL TYPOGRAPHICAL UNION OF NORTH AMERICA, AFL–CIO, Respondent.

### No. 72–1145.

United States Court of Appeals, District of Columbia Circuit.

Nov. 10, 1972.

---

Messrs. Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Avrum M. Goldberg and Ms. Abigail Cooley Baskir, Attys., N.L.R.B., were on the brief for petitioner.

Messrs. Seymour J. Spelman, Arlington, Va., and Alan D. Eisenberg, New York City, were on the brief for respondent.

Before WRIGHT, ROBINSON and WILKEY, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge.

We are once again presented by the Board with one of those "infinitesimally small abstract grievances [that] must give way to actual and existing legal problems if courts are to dispose of their heavy calendars." Dallas Mailers Union, Local No. 143 v. NLRB, 144 U.S.App. D.C. 254, 257, 445 F.2d 730, 733 (1971). Moreover, it would seem that the Board also "could very well be spared the time consuming energy necessarily exhausted in the determination of [this] type of dispute * * *." *Id.*, 144 U.S.App.D.C. at 259, 445 F.2d at 735.

In this appeal the Board petitions for enforcement of its order against respondent based on its finding that the union violated Section 8(b)(1)(B) of the National Labor Relations Act by fining Supervisor Albert Brown $25 because of the performance of his duties. The executive committee of the local did indeed fine Brown $25 for failing to notify the local union that the supervisor had performed work reserved to members of the union under the bargaining agreement. However, long before issuance of the complaint in this case by the General Counsel the International reversed the local's ruling and the $25 was returned to the supervisor. There is no suggestion that the International acted under compulsion or fear of the Board, or that the local or the International had acted in bad faith in any way in connection with this case, or that the local's action in this case was part of a pattern of harassment against supervisors. Under the circumstances, why the General Counsel filed his charge and the Board persists in this litigation is difficult to understand. We agree with Chairman Miller of the Board dissenting from the Board's order on the ground that the issue in suit is moot.*

Enforcement denied.

---

* The Board's reliance on NLRB v. Mexia Textile Mills, Inc., 339 U.S. 563, 70 S.Ct. 833, 94 L.Ed. 1067 (1950), to support its contention that this is a live controversy is misplaced. In *Mexia* the employer alleged on appeal that since the Board's action it had complied with the Board's order to bargain in good faith with the union, but that an agreement had been prevented by the union's "arbitrary, capricious and intransigent attitude." 339 U.S. at 566, 70 S.Ct. 826, 94 L.Ed. 1067. In those circumstances the Court held "that the employer's compliance with an order of the Board does not render the cause moot, depriving the Board of its opportunity to secure enforcement from an appropriate court." *Id.* at 567, 70 S.Ct. at 828. Here the respondent vacated its alleged unlawful action and ended the dispute before the complaint of the General Counsel was even filed. *Compare* United Slate, Tile & Composition Roofer, Damp & Waterproof Workers Assn, Local No. 220, 177 NLRB 632, 652 (1969).